**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMARR WANAMAKER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-1332** |
| | : | |
| **BARRY SMITH**, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                             **February 16, 2021**

A Philadelphia jury convicted Lamarr Wanamaker of second-degree murder in the shooting death of Neville Franks.  Three witnesses identified Mr. Wanamaker as the shooter.  His trial counsel argued the Commonwealth's expert testimony did not establish he used the gun which shot Mr. Franks.  But the jury found otherwise. A Philadelphia trial judge sentenced him to life in prison.  Mr. Wanamaker lost  appeals of the life sentence verdict to the Pennsylvania Superior and Supreme Courts. He lost on his post-conviction challenge which raised a variety of counselled arguments.   He now *pro se* petitions for habeas relief presenting four claims based on his view trial and post-conviction counsel provided ineffective assistance of counsel on the sufficiency of evidence issues and relating to prosecutorial misconduct.  We reviewed the extensive record and Mr. Wanamaker's varied but well-presented arguments.  We deny his petition as his claims are, among other things, unexhausted, procedurally defaulted, and the default cannot be excused under established Supreme Court guidance.  There is no basis for a certificate of appealability.   We deny and dismiss Mr. Wanamaker's petition for habeas relief.

## I.    Factual Background

A gunman killed Neville Franks as he walked with his friends Shakiel Taylor, Chris Adams, and Marcus Downing on Ruscomb Street in Philadelphia on September 11, 2010.[1] The friends immediately identified Lamarr Wanamaker as the shooter to the police.[2] Mr. Franks' friends told the police Mr. Wanamaker and another man approached Mr. Franks and Mr. Taylor on Ruscomb Street asking about money and drugs.[3] Mr. Wanamaker then took out a revolver and searched Mr. Taylor's pockets, eventually throwing the contents of Mr. Taylor's pockets onto the ground.[4] Mr. Wanamaker demanded to search Mr. Franks' pockets, and when Mr. Franks refused, Mr. Wanamaker shot Mr. Franks twice, killing him.[5] Ten months later, police arrested Lamarr Wanamaker for killing Mr. Franks.[6] The Commonwealth charged Mr. Wanamaker with second-degree murder, two counts of robbery, simple assault, firearms not to be carried without a license, carrying firearms on a public street in Philadelphia, and possession of an instrument of crime.[7] Mr. Wanamaker exercised his constitutional right to a jury trial in the Philadelphia Court of Common Pleas before Judge McDermott.

### *Mr. Wanamaker's jury trial.*

Mr. Taylor and Mr. Adams identified Mr. Wanamaker as the shooter at trial.  Mr. Downing recanted his police statement, but Detective James Pitts testified to Mr. Downing's statement identifying Mr. Wanamaker as the shooter.[8] The Commonwealth also called Officer Norman DeFields to offer expert opinion on ballistic evidence taken from the crime scene. Mr. Wanamaker's counsel questioned Officer DeFields regarding two bullets taken from Mr. Franks' body.[9] Officer DeFields admitted the forensic analysis returned inconclusive results.[10] Officer DeFields could not say whether  the bullets fired from the same weapon.[11] Officer DeFields could not describe the type of gun because "no firearm was submitted in this case."[12] After Judge

McDermott excused the jury for a trial day, the Commonwealth notified Mr. Wanamaker of its intent to call a rebuttal witness if Mr. Wanamaker attempted to elicit good character testimony.[13] The Commonwealth offered this notice despite also acknowledging Mr. Wanamaker did not intend to call witnesses.[14]

The jury found Mr. Wanamaker guilty of second-degree murder, two counts of robbery, carrying a firearm without a license, and possessing an instrument of crime.[15] Judge McDermott sentenced Mr. Wanamaker to: (1) life imprisonment without the possibility of parole for the second-degree murder conviction; (2) ten to twenty years imprisonment for each robbery conviction; (3) three to six years  imprisonment for carrying a firearm without a license; and (4) one to two years imprisonment for possessing an instrument of a crime.[16] Judge McDermott ordered the robbery, carrying a firearm without a license, and possession of an instrument of crime sentences to run concurrently with Mr. Wanamaker's life sentence.[17]

### *Mr. Wanamaker files a direct appeal challenging the sufficiency of the evidence.*

Mr. Wanamaker appealed to the Pennsylvania Superior Court alleging insufficient evidence supported his convictions of possessing instruments of crime, second-degree murder, robbery, and firearms not to be carried without a license.[18] Mr. Wanamaker's sufficiency claim focused on the evidence supporting his robbery conviction.[19] He argued trial testimony revealed he did not commit robbery, and because the evidence did not support his robbery conviction, it could not support his second-degree murder conviction.[20] The Pennsylvania Superior Court found he waived the issue and affirmed the judgment of sentence.[21] Mr. Wanamaker did not appeal to the Pennsylvania Supreme Court.

### *The trial court grants Mr. Wanamaker's first PRCA petition granting him the right to appeal nunc pro tunc.*

Mr. Wanamaker instead timely petitioned under Pennsylvania's Post-Conviction Relief Act ("PCRA").[22] Mr. Wanamaker argued his appellate counsel provided ineffective assistance by waiving Mr. Wanamaker's only issue raised on direct appeal.[23] The PCRA court agreed and granted Mr. Wanamaker's petition on February 11, 2016. The PCRA court reinstated Mr. Wanamaker's right to file a direct appeal *nunc pro tunc*.[24]

### *The Superior Court vacates the robbery sentence but affirms all other aspects.*

Mr. Wanamaker timely filed a direct appeal, raising one issue for the Pennsylvania Superior Court's review: "Did the [trial] court impose an illegal sentence on one of [Mr. Wanamaker's] robbery convictions because that conviction merged with [his] second[-]degree murder conviction for purposes of sentenc[ing]?"[25] On February 7, 2017, the Pennsylvania Superior Court vacated Mr. Wanamaker's robbery sentence and "affirm[ed] the remainder of [Mr. Wanamaker's] judgment of sentence."[26] On July 6, 2017 the Pennsylvania Supreme Court denied allowance of appeal.[27]

### *Mr. Wanamaker files a second PCRA petition.*

Approximately one year later, Mr. Wanamaker filed a *pro se* PCRA petition raising five issues: (1) "Trial court counsel committed structural error by not making sure petitioner was convicted of murder beyond reasonable doubt. Counsel was also ineffective;"[28] (2) "[t]rial counsel committed structural error for failing to object to conjecture evidence used against petitioner ignoring the reasonable doubt standard for conviction, [counsel] was ineffective;"[29] (3) "[t]he prosecutor committed misconduct with direct violations of . . . Pa R.E. 404(b)(1);"[30] (4) "[t]rial counsel committed structural error by violating the rules of evidence in a collusion with the ADA by abandoning petitioner's rights as well as ineffective assistance of counsel;"[31] and (5) "[t]rial

counsel abandoned petitioner in structure error by undermining petitioner's right to have trial judge stenographer present during *voir dire*."[32]

Mr. Wanamaker's court-appointed PCRA counsel then filed an amended PCRA petition.[33] Counsel did not argue the issues cited in Mr. Wanamaker's *pro se* PCRA petition.[34] Counsel instead requested a new trial on the basis of after-discovered evidence.[35] Counsel in the amended PCRA petition claimed Mr. Wanamaker found an eyewitness, Jaleel Lewis, to testify to Mr. Wanamaker's innocence.[36] The PCRA court granted Mr. Wanamaker a bifurcated evidentiary hearing on September 17, 2018.[37] Mr. Lewis testified to witnessing Mr. Franks' murder.[38] Mr. Lewis recalled an argument between Mr. Wanamaker and Mr. Taylor, and during their argument an "unidentified male came from behind a parked SUV and started shooting."[39] Mr. Lewis explained he ran from the shooter alongside Mr. Franks and Mr. Wanamaker.[40] Mr. Lewis ran into Mr. Taylor a few years later while both incarcerated. Mr. Taylor confessed to Mr. Lewis he falsely accused Mr. Wanamaker of killing Mr. Franks. Mr. Wanamaker explained he did not call Mr. Lewis as a witness during trial because he did not know how to locate Mr. Lewis, noting he only knew the block where Mr. Lewis lived but not his exact address.[41]

The PCRA court dismissed Mr. Wanamaker's second petition on September 20, 2018, finding Mr. Lewis not credible.[42] Mr. Wanamaker appealed, and the PCRA court directed Mr. Wanamaker file a 1925(b) Statement.[43] Mr. Wanamaker filed a 1925(b) Statement on November 3, 2018.[44] On December 14, 2018, Judge McDermott filed an opinion under Pa. R.A.P. 1925(a) affirming the dismissal of the amended PCRA petition.[45] Mr. Wanamaker appealed to the Pennsylvania Superior Court challenging the September 20, 2018 PCRA court's denial of his petition.[46]

Mr. Wanamaker raised two issues "address[ing] the potential testimony of Jaleel Lewis" in his appeal:

> [(1)] Did the PCRA [c]ourt err and violate [a]ppellant's constitutional rights under the Sixth and Fourteenth Amendments by finding that [a]ppellant had not used reasonable diligence and/or was otherwise untimely in presenting the after[-]discovered evidence of Jaleel Lewis?[; and (2)] Did the PCRA court err and violate [a]ppellant's constitutional rights under the Sixth and Fourteenth Amendments by finding that after[-]discovered witness Jaleel Lewis did not present credible evidence of [a]ppellant's innocence?[47]

The Pennsylvania Superior Court dismissed Mr. Wanamaker's first issue, agreeing with the PCRA court's conclusion Mr. Wanamaker failed to "adequality explain the delay in producing Lewis's testimony is supported by the record and is free of legal error."[48] The Pennsylvania Superior Court also dismissed Mr. Wanamaker's second issue raised on appeal because Mr. Wanamaker's statement of errors complained of on appeal "only addressed the PCRA court's credibility determination as it pertains to Lewis's testimony."[49] Mr. Wanamaker waived any issue "relating to whether Lewis's testimony was considered cumulative."[50]

## II.    Analysis

Mr. Wanamaker then filed a *pro se* petition for habeas corpus in this Court under 28 U.S.C. § 2254. Mr. Wanamaker raises four claims for our review:  (1) "Trial court counsel committed structural error by not making sure petitioner was convicted beyond a reasonable doubt. Counsel was also inefficient;"[51] (2) "Trial counsel committed a structural error for failing to object to [conjunctive] evidence used against petitioner ignoring the reasonable doubt standard for conviction[.] [Counsel was ineffective;"[52] (3) "The prosecutor committed misconduct with direct violations of the rule of evidence;"[53] and (4) "Trial counsel abandoned petitioner in structure error by undermining petitioner's right to have trial judge stenographer during *voir dire.*"[54]

6

We begin by reviewing the applicable legal standards relevant to our analysis of the claims Mr. Wanamaker raises in his habeas petition.

Congress requires state courts be afforded "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary,"[55] before we consider the merits of an issue raised in a habeas petition. To satisfy this requirement, a prisoner bringing a habeas petition in federal court must first exhaust the remedies available in the state courts.[56] A petitioner exhausts the remedies available by "fairly presenting" his claims "to the state's highest court, either on direct appeal or in a post-conviction proceeding."[57] If an issue is raised on direct appeal, the petitioner is not required to raise the issue again in a state post-conviction proceeding.[58] In Pennsylvania, the doctrine of exhaustion does not require a petitioner to seek review from the Pennsylvania Supreme Court.[59] But a petitioner must appeal to the Pennsylvania Superior Court.[60]

"To satisfy the 'fair presentation' requirement, the state court pleadings must demonstrate that the legal theory and supporting facts asserted in the federal habeas petition are 'substantially equivalent' to those presented to the state courts."[61] In *Evans v. Court of Common Pleas, Delaware County, Pa*,[62] our Court of Appeals explained, "[b]oth the legal theory and facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available to the state court as will be employed in the federal court."[63] A habeas claim is fairly presented when a petitioner presents the "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."[64] A "somewhat similar" claim presented in state court is insufficient.[65]

A petitioner does not fairly present a claim to the state courts when the petitioner raises the issue in a *pro se* PCRA petition but fails to raise the issue in a counseled, amended PCRA

petition.[66] "In Pennsylvania, a first-time petitioner is entitled to PCRA counsel."[67] Once PCRA

counsel is appointed, counsel:

> has a duty 'to either (1) amend the petitioner's *pro se* petition and present the
> petitioner's claims in acceptable legal terms or (2) certify that the claims lack merit
> . . .' Thus, an amended PCRA petition supersedes a *pro se* petition, and [p]etitioner
> did not exhaust the claim by raising it in his *pro se* PCRA petition.[68]

When a prisoner petitions for habeas based on unexhausted claims, the unexhausted claims

should be dismissed without prejudice "so the petitioner [may] bring the matter in state court and

allow the state forum the chance 'to correct their own errors, if any.'"[69] But if the state law "'clearly

foreclose[s] state court review of unexhausted claims,' the claims are considered to be procedurally

defaulted. Exhaustion is not possible, and sending the claims back to state court would therefore

be futile."[70] But a federal court may still review a procedurally defaulted claim if the petitioner

demonstrates: (1) "cause for the default and actual prejudice as a result of the alleged violation of

federal law;" or (2) "failure to consider the claims will result in a fundamental miscarriage of

justice."[71]

To establish "cause," a petitioner must "demonstrate[] some objective factor external to the

defense that prevented compliance with the state's procedural requirements."[72] A factor is external

if it cannot be fairly attributed to the petitioner.[73]  Once a petitioner establishes cause, he must

show actual prejudice.[74] To establish "actual prejudice," a petitioner must demonstrate "the alleged

error 'worked to [petitioner's] actual and substantial disadvantage.'"[75] To establish a "fundamental

miscarriage of justice," a petitioner "must present new evidence that he is actually innocent of the

crime for which he has been convicted."[76] The fundamental miscarriage of justice exception is

limited and "applies only in extraordinary cases, and actual innocence means factual innocence,

not legal insufficiency."[77] Actual innocence is demonstrated by asserting "'new reliable evidence

. . . that was not presented at trial,' showing that no reasonable juror would have voted to find petitioner guilty beyond a reasonable doubt."[78]

An ineffective assistance of trial or appellate counsel claim can constitute cause to excuse a procedural default on a separate independent claim.[79] But an ineffective assistance of counsel claim must first be presented "to the state courts as an independent claim before being used to establish cause for a procedural default."[80] In other words, an ineffective assistance of counsel claim cannot constitute cause to excuse a separate independent claim if the ineffective assistance claim itself is procedurally defaulted.[81]

As a general rule, "there is no constitutional right to an attorney in a state postconviction proceedings,"[82] thus, ineffective assistance of PCRA counsel does not constitute cause because "the Sixth Amendment right to counsel does not extend beyond direct appeal."[83] But the Supreme Court carved out a narrow exception to this rule.[84] In *Martinez v. Ryan*,[85] the Supreme Court recognized "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[86] Under *Martinez*, ineffective assistance of PCRA counsel provides cause to excuse a procedural default on an ineffective assistance of trial counsel claim where:

> under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.[87]

Where a state, like Pennsylvania, requires a petitioner raise an ineffective assistance of trial counsel claim in a collateral proceeding, a petitioner may establish cause under *Martinez* for a default (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial," and (2) "where appointed counsel in the

initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington* . . . ."[88] Our Court of Appeals instructs three conditions must be met to establish cause under *Martinez*: "(a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding (i.e., the first collateral proceeding in which the claim could be heard) and (c) the underlying claim of trial counsel ineffectiveness is 'substantial.'"[89]

An ineffective assistance of counsel claim is evaluated under the Supreme Court's standard in *Strickland v. Washington*.[90] Under *Strickland*, a petitioner demonstrates ineffective assistance of counsel by demonstrating (1) "counsel's performance was so deficient that it fell below an objective standard of reasonableness under prevailing professional norms,"[91] and (2) "the deficient performance prejudiced the defense."[92] "We are highly deferential and indulge a strong presumption that under the circumstances, counsel's challenged actions might be considered sound . . . strategy."[93]

A petitioner establishes deficiency by demonstrating "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[94] Prejudice is established when a petitioner shows "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[95]

### A.   We deny Mr. Wanamaker's ineffective assistance of trial counsel claim relating to the inconclusive ballistic evidence.

Mr. Wanamaker's first ineffective assistance of trial counsel claim alleges "[t]rial counsel committed structure error by not making sure petitioner was convicted beyond a reasonable doubt."[96] Mr. Wanamaker explains trial testimony revealed Mr. Franks suffered multiple gunshot wounds from multiple different weapons.[97] He is seemingly referencing testimony from the

10

Commonwealth's expert witness explaining a ballistics test revealed inconclusive results on two bullets taken from the crime scene, meaning the expert could not say if the bullets fired form the same firearm.[98] Mr. Wanamaker argues this testimony demonstrates more than one shooter at the scene of the crime and the Commonwealth failed to explain which firearm's bullet proved fatal.[99] It appears Mr. Wanamaker argues trial court counsel acted ineffective by failing to raise this issue.[100]

Mr. Wanamaker acknowledges he failed to raise this ineffective assistance of counsel claim on direct appeal.[101] He explains he failed to raise the issue because his appointed counsel could only file an appeal raising the issues his trial counsel filed on appeal.[102] Mr. Wanamaker alleges he raised the issue in his initial PCRA proceeding but failed to raise this issue on appeal from the PCRA court, explaining his PCRA counsel believed this ineffective assistance of counsel claim to be meritless.[103]

The Commonwealth addresses Mr. Wanamaker's claim as a sufficiency of the evidence claim. The Commonwealth argues this issue is undeveloped, procedurally defaulted, and meritless. The Commonwealth argues the claim is undeveloped because Mr. Wanamaker fails to explain what trial counsel could have done to ensure his conviction met the reasonable doubt standard. The Commonwealth argues the claim is procedurally defaulted because Mr. Wanamaker failed to raise the issue in the state courts.[104] His claim is unexhausted and procedurally defaulted to the extent Mr. Wanamaker raises an ineffective assistance of trial counsel claim.

### 1.    Mr. Wanamaker's claim is unexhausted and procedurally defaulted.

Mr. Wanamaker's ineffective assistance of trial counsel for failing to make sure ballistic evidence convicted him beyond a reasonable doubt claim is unexhausted. The doctrine of exhaustion requires Mr. Wanamaker to have fairly presented his habeas claims to the Superior

Court either on direct appeal or in a post-conviction proceeding.[105] To fairly present his claims, Mr. Wanamaker must demonstrate the legal theory and supporting facts of his habeas claims are the same legal theory and supporting facts raised in his state court claim.[106] Mr. Wanamaker concedes he did not raise this issue on direct appeal to the Pennsylvania Superior Court,[107] thus, he did not fairly present the issue on direct appeal.

Mr. Wanamaker also concedes he failed to raise the issue on appeal in his post-conviction proceeding, but alleges he raised the present ineffective assistance of trial counsel for failing to make sure ballistic evidence convicted him beyond a reasonable doubt claim in his initial PCRA proceeding.[108] But Mr. Wanamaker never raised the issue of ineffective assistance of trial counsel for failing to make sure ballistic evidence convicted him beyond a reasonable doubt in his initial PCRA proceeding.

We first look to Mr. Wanamaker's original *pro se* PCRA petition. Mr. Wanamaker *pro se* petitioned for post-conviction act relief in state court. He raised an ineffective assistance of trial counsel for failing to make sure ballistic evidence convicted him beyond a reasonable doubt claim.[109] But after the court appointed PCRA counsel, counsel filed an amended PCRA petition and did not raise the ineffective assistance of trial counsel for failing to make sure evidence convicted him beyond a reasonable doubt claim.[110] Pennsylvania law requires a counseled, amended PCRA petition supersede a *pro se* PCRA petition.[111] Mr. Wanamaker never presented the PCRA court with the issues raised in his *pro se* PCRA petition.

The facts here are similar to *Smith v. DiGuglielmo*,[112] where Judge DuBois found an ineffective assistance of trial counsel claim raised in a *pro se* PCRA petition but not in appointed counsel's amended petition is unexhausted.[113] In *DiGuglielmo*, a prisoner first filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel for failing to object to the court's jury

instructions.[114] Appointed PCRA counsel then filed a counseled, amended PCRA petition but did not raise the ineffective assistance of trial counsel for failing to object to the court's jury instructions claim.[115] After the PCRA court denied the petition, the prisoner appealed to the Pennsylvania Superior Court raising the ineffective assistance of counsel for failing to object to the court's jury instructions claim.[116] The Pennsylvania Superior Court rejected this claim because "counsel failed to include the claims in petitioner's amended [PCRA] petition and under Pennsylvania law, any claims not included in a counseled, amended petition are deemed waived."[117] The habeas petitioner in *DiGuglielmo* filed a habeas petition and raised the same ineffective assistance of trial counsel issue.[118] Judge DuBois found this claim unexhausted and procedurally defaulted because "[a]lthough this claim was included in petitioner's original *pro se* PCRA petition, it was not included in his amended, counseled petition. Under Pennsylvania law, claims included in a *pro se* PCRA petition but not in a subsequent amended, counseled petition are deemed waived."[119]

This waiver rule of a *pro se* PCRA petition may not apply when a PCRA petitioner presents the Pennsylvania Superior Court with the original *pro se* claim and the Pennsylvania Superior Court acknowledges the claim. For example, in *Blount v. Coleman*,[120] Judge Brody adopted Judge Rice's Report and Recommendation finding an ineffective assistance of counsel claim is exhausted where a petitioner raises an issue in a *pro se* PCRA petition, but appointed counsel does not raise the issue in the amended petition.[121] In *Blount*, a prisoner filed a *pro se* PCRA petition raising a Sixth Amendment claim for trial and appellate counsel's failure to file a Rule 600 motion.[122] The prisoner's appointed PCRA counsel filed an amended PCRA petition raising a Rule 600 issue but failed to pair it with a Sixth Amendment claim.[123]

After the PCRA court denied his petition, the petitioner in *Blount pro se* appealed to the Pennsylvania Superior Court, raising the Rule 600 issue and paired it with a Sixth Amendment claim.[124] The Pennsylvania Superior Court acknowledged the prisoner's claim raised a Rule 600 issue and a Sixth Amendment issue, but the Pennsylvania Superior Court did not address the merits of the Sixth Amendment claim.[125] The prisoner filed a habeas petition and raised an "ineffective claim based on the Sixth Amendment speedy trial guarantee."[126] Judge Rice found the prisoner fairly presented his claim because he raised the claim before the Superior Court.[127]

On the other hand, in *Johnston v. Mahally*,[128] a habeas petitioner failed to exhaust and procedurally defaulted a claim despite raising the claim in a *pro se* PCRA petition.[129] In *Johnston*, a habeas petitioner brought a claim of ineffective assistance of counsel for failing to raise a Sixth Amendment speedy trial claim.[130] The petitioner raised this issue in a *pro se* PCRA petition but not in a counseled, amended petition.[131] Judge Robreno found the claim unexhausted after acknowledging the holding in *Blount*. Judge Robreno distinguished *Blount* by highlighting important differences between *Mahally* and *Blount*.[132] For example, unlike in *Blount*, the petitioner in *Mahally* "did not object when his counsel filed the amended PCRA petition,"[133] thus petitioner "effectively adopted the amended PCRA petition and disavowed the *pro se* version."[134] Judge Robreno found the claim unexhausted because petitioner failed to present the claim in the PCRA court.[135]

Mr. Wanamaker did not present the state courts with an ineffective assistance of trial counsel claim for failing to make sure ballistic evidence convicted him beyond a reasonable doubt. The record does not indicate Mr. Wanamaker objected to his appointed counsel's amended PCRA petition.  Mr. Wanamaker's amended PCRA petition superseded his *pro se* PCRA petition. By adopting the amended petition, Mr. Wanamaker waived the issues raised in the *pro se* petition. Mr.

Wanamaker only raised an issue of after-discovered evidence on appeal. Mr. Wanamaker did not present his *pro se* PCRA petition to the PCRA court or the Pennsylvania Superior Court on appeal from the denial of post-conviction relief. Neither the Pennsylvania Superior Court nor the PCRA court acknowledged the claims raised in his initial review *pro se* PCRA petition. Mr. Wanamaker only presented the PCRA court with his amended petition and only raised an issue of after-discovered evidence on appeal.

We next turn to Mr. Wanamaker's amended PCRA petition. Mr. Wanamaker alleges his convictions resulted from "ineffective assistance of counsel which, in the circumstances of his particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place during his trial."[136] Mr. Wanamaker does not explain how counsel acted ineffectively and presents no facts to support his conclusory claim. Mr. Wanamaker fails to fairly present his ineffective assistance of trial counsel for failing to make sure ballistic evidence convicted him beyond a reasonable doubt because his PCRA claim presents no facts in support of its ineffective assistance of counsel claim let alone the same facts underpinning his federal habeas claim.

Mr. Wanamaker failed to exhaust his effective assistance of trial counsel for failing to make sure evidence convicted him beyond a reasonable doubt claim.

### 2.      We are unable to excuse the default.

Mr. Wanamaker's ineffective assistance of trial counsel claim for failing to make sure ballistic evidence convicted him beyond a reasonable doubt claim is now procedurally defaulted under Pennsylvania's waiver rule[137] and the PCRA statute of limitations.[138] Mr. Wanamaker presents no new evidence not presented at trial to demonstrate his actual innocence. The question before us then becomes whether Mr. Wanamaker demonstrates cause and prejudice to excuse his

default on his ineffective assistance of trial counsel claim for failing to make sure ballistic evidence convicted him beyond a reasonable doubt. Mr. Wanamaker can establish cause and prejudice by showing an objective and external factor prevented him from complying with Pennsylvania's procedural requirements and this alleged error worked to his "actual and substantial" disadvantage.[139]

Mr. Wanamaker explains he did not raise his ineffective assistance of trial counsel for failing to make sure evidence convicted him beyond a reasonable doubt claim on direct appeal because appointed appellate counsel could only raise an appeal on the issues trial counsel filed on appeal.[140] Mr. Wanamaker also did not raise this issue in his initial PCRA proceeding and did not raise the issue on appeal from the PCRA court. He explains he did not raise the issue on appeal because his PCRA counsel found the issue meritless.[141]

First, Mr. Wanamaker appears to allege ineffective assistance of appellate counsel as cause for his default on his ineffective assistance of trial counsel claims. An ineffective assistance of appellate counsel claim can demonstrate cause for a procedural default so long as the ineffective assistance of appellate counsel "rises to the level of a Sixth Amendment violation" and is not itself procedurally defaulted.[142] Mr. Wanamaker cannot demonstrate cause by alleging ineffective assistance of appellate counsel because he never presented the PCRA court with an ineffective assistance of appellate counsel claim. He cannot now argue ineffective assistance of appellate counsel to excuse his procedural default because it itself is unexhausted and procedurally default.

Next, Mr. Wanamaker appears to allege ineffective assistance of PCRA counsel as causing procedural default on his ineffective assistance of trial counsel claims. Having found Mr. Wanamaker seemingly alleges ineffective assistance of PCRA counsel is cause to excuse his default on the underlying ineffective assistance of trial counsel claim, we turn to an analysis of

whether Mr. Wanamaker's ineffective assistance of PCRA counsel falls under the *Martinez* exception. The third prong of *Martinez* requires the underlying ineffective assistance of trial counsel claim to have some merit.[143] To determine if Mr. Wanamaker's underlying claim of ineffective assistance of trial counsel has some merit, we turn to the Supreme Court's standard for ineffective assistance of counsel in *Strickland v. Washington*.[144] Under *Strickland*, Mr. Wanamaker must show his trial counsel's performance fell below an objective standard of reasonableness and he suffered prejudice.[145]

Mr. Wanamaker argues trial counsel  failed to ensure his conviction met the reasonable doubt standard in light of the expert witness' ballistic testimony revealing multiple shooters at the scene of the crime.[146] But Mr. Wanamaker's trial counsel elicited this testimony from the Commonwealth's expert witness, revealing the inconclusive ballistic test result.[147] The facts here are similar to *Dierolf v. Thompson*,[148] where Judge Rambo rejected an ineffective assistance of trial counsel claim for failing to challenge the sufficiency of evidence.[149] In *Dierolf*, the Commonwealth repeatedly referenced saliva taken from the crime scene.[150] Petitioner's counsel elicited testimony on cross-examination revealing inconclusive test results on the saliva.[151] In rejecting the ineffective assistance of trial counsel claim, Judge Rambo explained counsel's cross-examination "resulted in the jury hearing that the testing results were inconclusive, creat[ing] an issue of fact for the jury to decide. Therefore, trial counsel was certainly pursuing a reasonable strategy by presenting the jury with inconclusive test results . . . ."[152]

Like in *Dierolf*, Mr. Wanamaker's trial counsel pursued a reasonable strategy by presenting the jury with an inconclusive ballistic test result, creating an issue of fact for the jury to decide. Mr. Wanamaker cannot show cause for his procedural default under *Martinez* because his

underlying claim of ineffective assistance of trial counsel for failing to challenge the sufficiency of the evidence is insubstantial under *Strickland*.

Mr. Wanamaker's ineffective assistance of trial counsel claim for failing to make sure evidence convicted him beyond a reasonable doubt claim is unexhausted and procedurally defaulted. We are unable to excuse his procedural default. We reject Mr. Wanamaker's ineffective assistance of trial counsel for failing to make sure ballistic evidence convicted him beyond a reasonable doubt claim.

### B.    We reject Mr. Wanamaker's ineffective assistance of trial counsel claim for failing to object to conjecture evidence.

Mr. Wanamaker argues ineffective assistance of trial counsel for failing to object to conjecture evidence.[153] Mr. Wanamaker cites the portion of trial testimony where his trial counsel cross-examined the Commonwealth's expert witness.[154] During this exchange, Mr. Wanamaker's trial counsel elicited testimony from the Commonwealth's expert witness revealing inconclusive results from a ballistics test on two bullets taken from the crime scene—the expert witness could not say if the bullets did or did not fire from the same firearm.[155] Mr. Wanamaker argues his trial counsel did not object to the expert witness testimony elicited by his trial counsel, waiving the issue under Pa R.E. § 103(a).[156]

Mr. Wanamaker explains he failed to raise this issue on direct appeal because his appellate counsel only raised a weight of the evidence proving robbery.[157] He claims to have raised this issue in his initial PCRA proceeding, but acknowledges he failed to raise the issue on appeal from the PCRA court explaining his PCRA lawyer only raised the issue of newly discovered evidence relating to a newly found witness.[158]

The Commonwealth concedes Mr. Wanamaker raised this issue in his *pro se* PCRA petition but argues he did not fairly present a state court with the issue because his amended PCRA

petition did not raise the issue.[159] The Commonwealth argues Mr. Wanamaker's claim is too insubstantial for *Martinez* to excuse his procedural default because trial counsel had no basis to object to evidence trial counsel elicited.[160] We agree with the Commonwealth.

      **1.**      **Mr. Wanamaker's claim is unexhausted and procedurally defaulted.**

Mr. Wanamaker's claim for ineffective assistance of trial counsel for failing to object to conjecture evidence is unexhausted because he did not fairly present the claim in state court. To fairly present his claims, Mr. Wanamaker must present the Pennsylvania Superior Court with an ineffective assistance of counsel claim raising the same legal theory and supporting facts as his habeas claim.[161] Mr. Wanamaker failed to present a state court with an ineffective assistance of counsel claim for failing to object to conjecture evidence.

 Mr. Wanamaker challenged the sufficiency of the evidence supporting his robbery conviction in his first direct appeal to the Pennsylvania Superior Court.[162] In his second direct appeal, Mr. Wanamaker challenged the legality of his robbery sentence.[163] Mr. Wanamaker *pro se* raised a claim alleging ineffective assistance of trial counsel for failing to object to conjecture evidence in his initial PCRA proceeding,[164] but he failed to raise this issue in his amended PCRA petition. His amended PCRA petition raised an after-discovered evidence claim. The amended petition also raised a generic ineffective assistance of counsel claim but offered no facts in support of this claim.[165]

Mr. Wanamaker's amended PCRA petition superseded his *pro se* PCRA petition, thus, he failed to present the PCRA court with an ineffective assistance of counsel claim for failing to object to conjecture evidence. Mr. Wanamaker raised two issues both relating to his after-discovered evidence claim on appeal from the PCRA court.[166] Mr. Wanamaker never fairly presented the state

courts with an ineffective assistance of trial counsel for failing to object to conjecture testimony claim.

Mr. Wanamaker's ineffective assistance of counsel for failing to object to conjecture evidence is unexhausted and procedurally defaulted because he failed to fairly present this claim to the Pennsylvania Superior Court.

<strong>2.    We may not excuse the procedural default.</strong>

Mr. Wanamaker's ineffective assistance of trial counsel for failing to objective to conjecture evidence claim is now procedurally defaulted under Pennsylvania's waiver rule and the PCRA statute of limitations. We can excuse Mr. Wanamaker's procedural default if he can demonstrate cause and prejudice or a fundamental miscarriage of justice. Mr. Wanamaker does not raise a fundamental miscarriage of justice claim and he fails to establish cause and prejudice to excuse his procedural default.

To establish cause and prejudice, Mr. Wanamaker must show an objective and external factor prevented him from complying with Pennsylvania's procedural requirements and this alleged error worked to his "actual and substantial" disadvantage.[167]

Mr. Wanamaker first attempts to show cause for his procedural default on the underlying ineffective assistance of trial counsel claim for failing to object to conjecture evidence by alleging ineffective assistance of appellate counsel for failing to raise the issue on appeal.[168] But Mr. Wanamaker never raised this ineffective assistance of appellate counsel claim in the state courts. Mr. Wanamaker failed to fairly present his ineffective assistance of appellate counsel claim to the Pennsylvania Superior Court. He is unable to allege ineffective assistance of appellate counsel to excuse his default on the underlying ineffective assistance of trial counsel claim for failing to object to conjecture evidence.

Mr. Wanamaker also attempts to excuse his default on the underlying ineffective assistance of trial counsel claim for failing to object to conjecture evidence by alleging ineffective assistance of PCRA counsel for failing to raise the issue on appeal in the PCRA court.[169] Mr. Wanamaker can allege ineffective assistance of PCRA counsel as cause to excuse his underlying ineffective assistance of trial counsel claim if he meets the *Martinez* standard. The third prong of *Martinez* requires Mr. Wanamaker demonstrate his underlying ineffective assistance of trial counsel claim has some merit.[170] To determine if Mr. Wanamaker's underlying ineffective assistance of trial counsel claim has merit, we address whether Mr. Wanamaker's trial counsel provided ineffective assistance under the two-prong test in *Strickland.*

Mr. Wanamaker argues trial counsel failed to object to the ballistic evidence trial counsel elicited from the Commonwealth's expert witness.[171] Mr. Wanamaker cites testimony where the Commonwealth's expert witness admits he is unable to conclude two bullets taken from the crime scene fired from the same firearm.[172] During this exchange, Mr. Wanamaker's trial counsel also elicited testimony revealing the expert could not provide specific details because "no firearm was submitted in this case."[173] The record shows the expert witness testified, "the projectiles that were submitted are consistent with a revolver type," but the expert witness could not testify to any other characteristics of the firearm.[174]

Mr. Wanamaker's ineffective assistance of trial counsel claim for failing to object to the ballistic testimony fails the first prong of *Strickland.* Trial counsel's cross-examination of the expert witness revealed the ballistic test results returned inconclusive.[175] Trial counsel elicited favorable testimony to Mr. Wanamaker's case and created an issue of fact for the jury to consider. We cannot find Mr. Wanamaker's trial counsel acted unreasonable for failing to object to favorable testimony he elicited.

Our Court of Appeals has found trial counsel is not unreasonable for failing to object to evidence supporting a petitioner's theory of the case. In *United States v. Mercado*,[176] our Court of Appeals reversed the district court and denied a habeas petition finding trial counsel did not act unreasonable for failing to object to hearsay in a DEA agent's testimony.[177] In *Mercado*, Drug Enforcement Agency agents witnessed a buyer purchase heroin from sellers in a Ford Taurus.[178] After a confrontation between the agents and the buyer, the buyer revealed the identities of the sellers including the petitioner.[179] The buyer agreed to arrange for the sellers to return.  The agents arrested the sellers upon their return.[180] One DEA agent testified at trial to his conversation with the buyer implicating petitioner as a passenger in the vehicle.[181] The petitioner's trial counsel presented a theory of the case arguing petitioner simply rode along as a passenger in the car, but engaged in no criminal conduct.[182] In his habeas petition, the petitioner argued ineffective assistance of counsel for failing to object to the agent's testimony.[183] The district court granted petitioner's habeas petition.[184] Our Court of Appeals reversed, finding trial counsel did not act unreasonable in failing to object to the agent's testimony.[185] The testimony revealed petitioner only sat as a passenger in the car, and our Court of Appeals noted this supports petitioner's theory of the case.[186] Trial counsel did not act unreasonable.[187]

Like in *Mercado,* Mr. Wanamaker's trial counsel elicited testimony from the expert witness strengthening his theory of the case. Mr. Wanamaker's trial counsel's line of questioning revealed to the jury the Commonwealth could not definitively say both bullets fired from the same firearm. Mr. Wanamaker's trial attorney could not have acted unreasonably as his cross-examination revealed favorable testimony. Mr. Wanamaker also fails to show prejudice suffered from trial counsel's alleged unreasonableness. It is unclear, and Mr. Wanamaker does not explain how,

favorable testimony regarding an inconclusive ballistic result could have prejudiced Mr. Wanamaker by depriving him of a fair trial.

Mr. Wannamaker's trial attorney acted reasonable during the cross examination of the expert witness, and Mr. Wanamaker is silent as to prejudice he suffered because of this exchange. Mr. Wanamaker's underlying ineffective assistance of trial counsel claim is meritless. Mr. Wanamaker does not show cause for his procedural default on his ineffective assistance of trial counsel claim because his ineffective assistance of PCRA counsel claim does not fall within the narrow *Martinez* exception.

Mr. Wanamaker's ineffective assistance of trial counsel claim for failing to object to conjecture evidence is unexhausted and procedurally defaulted. We cannot excuse his procedural default.

### C. We reject Mr. Wanamaker's ineffective assistance of trial counsel for undermining his right to have a judge and stenographer during *voir dire*.

Mr. Wanamaker argues trial counsel provided ineffective assistance by undermining his right to have a judge and stenographer present during *voir dire*.[188] He alleges his trial counsel instructed him to sign a form waiving his right to a judge and stenographer during *voir dire*, but counsel did not explain the ramifications of the waiver.[189] Mr. Wanamaker concedes he failed to raise the issue on direct appeal.[190] He explains he failed to raise the issue because his appellate counsel only raised an issue challenging the weight of the robbery evidence.[191] Mr. Wanamaker alleges he raised this issue in his initial PCRA proceeding but failed to raise the issue on appeal to the Pennsylvania Superior Court.[192] He explains he did not raise an ineffective assistance of trial counsel for undermining his right to a judge and stenographer during *voir dire* claim because his PCRA counsel only raised the issue of after-discovered evidence.[193]

The Commonwealth argues Mr. Wanamaker failed to fairly present this claim to the state courts and his claim is now procedurally defaulted.[194] The Commonwealth argues the underlying ineffective assistance of trial counsel claim is too insubstantial for *Martinez* to excuse the default, as Mr. Wanamaker fails to identify prejudice suffered as a result of the waiver.[195] We agree with the Commonwealth.

### 1.    Mr. Wanamaker's claim is unexhausted and procedurally defaulted.

Mr. Wanamaker's ineffective assistance of trial counsel claim for undermining his rights during *voir dire* is unexhausted. Mr. Wanamaker failed to fairly present the state courts with this claim. To fairly present his claim, Mr. Wanamaker must have presented the Pennsylvania Superior Court with a sufficiently equivalent claim compared to his habeas petition claim. This standard requires the habeas claim allege the same legal theory and supporting facts as the state court claim.[196]

Mr. Wanamaker never raised an ineffective assistance of trial counsel claim for undermining his *voir dire* rights in a state court proceeding. His two direct appeals challenged the sufficiency of the evidence supporting his robbery conviction[197] and the legality of his sentence for the robbery conviction.[198] Mr. Wanamaker's *pro se* PCRA petition raised an ineffective assistance of trial counsel for undermining his right to having a judge and stenographer present during *voir dire* claim.[199] But Mr. Wanamaker's amended PCRA petition did not.[200] Mr. Wanamaker's amended PCRA petition superseded his *pro se* PCRA petition, so he did not present his *pro se* claims to the PCRA court. Mr. Wanamaker's amended PCRA petition raises an ineffective assistance of counsel claim but makes no mention of counsel undermining Mr. Wanamaker's right to having a judge and stenographer present during *voir dire*. On appeal from

the PCRA court, Mr. Wanamaker raised two issues related to his after-discovered evidence claim.[201]

Mr. Wanamaker did not fairly present his ineffective assistance of counsel claim for undermining his right to having a judge and stenographer present during *voir dire* claim in state court. The claim is unexhausted.

### 2.    We are unable to excuse the procedural default.

Mr. Wanamaker's ineffective assistance of trial counsel claim for undermining his right to a judge and stenographer during *voir dire* is procedurally defaulted under Pennsylvania's waiver rule and the PCRA statute of limitations. We can excuse Mr. Wanamaker's procedural default if he demonstrates cause and prejudice or a fundamental miscarriage of justice. Mr. Wanamaker demonstrates neither.

Mr. Wanamaker again argues he failed to raise the issue on direct appeal because his appellate counsel only challenged the sufficiency of the robbery evidence on direct appeal.[202] As we explained, his claim of ineffective assistance of appellate counsel itself is procedurally defaulted because he failed to raise the issue in the state courts. Mr. Wanamaker cannot demonstrate cause by alleging another procedurally defaulted claim.

Mr. Wanamaker argues he failed to raise the claim in his appeal from the PCRA court because his PCRA counsel only raised the after discovered evidence issue on appeal.[203] To the extent Mr. Wanamaker attempts to allege ineffective assistance of PCRA counsel as cause to excuse his procedural default on the ineffective assistance of trial claim, the ineffective assistance of PCRA counsel claim fails the *Martinez* analysis. Mr. Wanamaker's underlying claim of ineffective assistance of trial counsel for undermining his right to a judge and stenographer during *voir dire* is meritless resulting in Mr. Wanamaker failing the third prong of *Martinez*.

To demonstrate his underlying ineffective assistance of trial counsel claim for undermining his right to a judge and stenographer during *voir dire* has merit, Mr. Wanamaker must show his trial counsel provided ineffective assistance under *Strickland*.  Mr. Wanamaker must show his trial counsel's performance fell below an objective standard of reasonableness and he suffered prejudice.[204] This prejudice prong requires a "reasonable probability" the result of the proceeding would have been different but for counsel's alleged error.[205]

Mr. Wanamaker fails to show his underlying claim of ineffective assistance of trial counsel is substantial under *Strickland* because he does not explain how the waiver prejudiced him. Mr. Wanamaker only explains counsel advised him signing the waiver is "part of the process,"[206] and did not explain "the ramification of such a waiver."[207] Beyond this, Mr. Wanamaker offers nothing to show the waiver deprived him of a fair trial. In at least one instance, our Court of Appeals finds the absence of a trial judge and stenographer during *voir dire* is not reversible error.[208] In *Haith v. United States*,[209] a prisoner's attorney "impliedly waived" his right to have a trial judge and stenographer present during *voir dire.*[210] Our Court of Appeals noted the prisoner alleged no prejudice occurred from the judge's absence and concludes no reversible error.[211] Like our Court of Appeals in *Haith*, we cannot find Mr. Wanamaker suffered prejudice from his waiver of the presence of a judge and stenographer during *voir dire.*

Mr. Wanamaker's ineffective assistance of trial counsel claim for undermining his right to a judge and stenographer during *voir dire* is unexhausted and procedurally defaulted. We are unable to excuse his procedural default.

### D.    We reject Mr. Wanamaker's insufficient ballistic evidence claim.

Mr. Wanamaker pairs his ineffective assistance of trial counsel claim for failing to make sure ballistic evidence convicted him beyond a reasonable doubt with an insufficient evidence

claim.[212] Mr. Wanamaker argues the trial court committed a structural error by failing to make sure his conviction met the reasonable doubt standard.[213] The facts supporting his insufficient evidence claim are the same as the facts supporting his ineffective assistance of counsel claim for failing to make sure his conviction met the reasonable doubt standard. Mr. Wanamaker alleges trial testimony suggests multiple gunmen shot Mr. Franks.[214] He fails to cite specific trial testimony, but we understand Mr. Wanamaker is referring to testimony from the Commonwealth's expert witness. The expert witness explained he conducted a ballistic test on two bullets taken from the crime scene with inconclusive results.[215] The expert could not say whether the two bullets fired from the same firearm.[216] Mr. Wanamaker argues the Commonwealth did not explain which bullet killed Mr. Franks.[217]

Mr. Wanamaker failed to raise an insufficient ballistic evidence claim challenging the ballistic testimony on direct appeal. He admits to as much, explaining he failed to do so because his appellate counsel could only file an appeal on the issues trial counsel raised on appeal.[218] Mr. Wanamaker alleges he raised the issue in his PCRA petition, but concedes he failed to raise the issue on appeal from the PCRA court.[219] He explains he did not raise the issue on appeal from the PCRA court because his PCRA counsel found the issue meritless.[220]

The Commonwealth argues the insufficient ballistic evidence claim is procedurally undeveloped, defaulted and meritless.[221] The Commonwealth explains the insufficient ballistic evidence claim is undeveloped because Mr. Wanamaker does not allege what the trial court could have done to ensure his conviction met the reasonable doubt standard.[222] The Commonwealth argues Mr. Wanamaker's insufficient ballistic evidence claim is procedurally defaulted because he never presented a state court with an insufficient ballistic evidence claim, and Mr. Wanamaker is now barred from raising the claim in state court.[223] The Commonwealth also argues the

insufficient ballistic evidence claim is meritless because it fails the *Jackson v. Virginia*[224] sufficiency of evidence test.[225] We agree Mr. Wanamaker's claim is procedurally defaulted.

### 1. Mr. Wanamaker's claim is unexhausted and procedurally defaulted.

Mr. Wanamaker's insufficient ballistic evidence claim is unexhausted. To exhaust his insufficient ballistic evidence claim, Mr. Wanamaker must have fairly presented it in the state courts. To fairly present his claim to the state courts, Mr. Wanamaker must present the Pennsylvania Superior Court with a claim alleging the same legal theory and supporting facts as his present insufficient ballistic evidence claim.[226] Although Mr. Wanamaker admits he failed to raise an insufficient ballistic evidence claim on direct appeal, we recognize Mr. Wanamaker raised an insufficient evidence claim on direct appeal.[227] But the insufficient evidence claim raised on direct appeal challenged the sufficiency of the evidence supporting Mr. Wanamaker's robbery conviction and did not mention the ballistic evidence.[228]

Mr. Wanamaker did not fairly present the Pennsylvania Superior Court with his insufficient ballistic evidence claim by raising an insufficient robbery evidence claim on appeal because the two claims are not substantially equivalent. In *Pirela v. Vaughn*,[229] Judge Slomsky rejected a habeas petitioner's ineffective assistance of counsel claim as unexhausted and procedurally defaulted.[230] Judge Slomsky found the petitioner did not fairly present claims in his habeas petition where the claims rely on the same legal theory as state court claims but not the same set of facts to support the legal theories as the state court claims.[231] The petitioner argued ineffective assistance of counsel in his habeas petition and relied on 2009 affidavits.[232] In his PCRA petition, petitioner raised an ineffective assistance of counsel claim without relying on the same 2009 affidavits.[233] The PCRA claim  relied on different affidavits of testimony from the same witnesses.[234] Judge Slomsky concluded the substance of the testimony in the 2009 affidavits is "considerably

different" from the substance of the testimony relied on in the PCRA court.[235] Judge Slomsky found the petitioner had not exhausted the claim in state court.[236]

Our Court of Appeals in *Lesko v. Owens*[237] found a different fact pattern met the exhaustion requirement.[238] In *Lesko*, a jury convicted defendant of first-degree murder relying on witness testimony.[239] The defendant appealed arguing the trial court erred in admitting the witness testimony because the testimony's "probative value was outweighed by its prejudicial effect."[240] Defendant sought habeas relief again arguing the trial court erred in admitting the same witness testimony because "the probative value of [witness's] testimony was outweighed by its prejudicial effect."[241] Our Court of Appeals held the defendant-petitioner met the exhaustion requirement because "[t]he legal theory (the probative value of evidence was outweighed by its prejudicial effect) and the facts (the substance of [witness's] testimony) on which [prisoner's] federal claim rests, had been submitted to the state courts."[242]

Like the petitioner's arguments reviewed by Judge Slomsky in *Pirela,* Mr. Wanamaker's insufficient evidence claim in the habeas petition today relies on different facts than the insufficient evidence claim he raised on direct appeal to the Pennsylvania Superior Court. In his habeas petition, Mr. Wanamaker relies on testimony, presumably from the Commonwealth's expert witness, to allege insufficient ballistic evidence related to the murder of Mr. Franks.[243] In his direct appeal to the Pennsylvania Superior Court, Mr. Wanamaker relied on trial testimony from a different witness, Mr. Taylor, to challenge the sufficiency of the evidence supporting his robbery conviction.[244] Mr. Wanamaker failed to fairly present his insufficient ballistic evidence claim on direct appeal.

Mr. Wanamaker alleges he raised an insufficient ballistic evidence claim in his initial PCRA petition.[245] We disagree. Mr. Wanamaker raised an insufficient ballistic evidence claim in

his *pro se* PCRA petition but not in his amended PCRA petition.[246] His amended PCRA petition superseded his *pro se* PCRA petition and neither the PCRA court nor Pennsylvania Superior Court addressed the issues raised in the *pro se* PCRA petition. Mr. Wanamaker failed to fairly present the claims raised in his *pro se* PCRA petition. Mr. Wanamaker concedes he failed to raise an insufficient ballistic evidence claim on appeal from the PCRA court.[247] Mr. Wanamaker failed to fairly present his insufficient ballistic testimony claim. The insufficient ballistic testimony claim is unexhausted.

### 2.   We cannot excuse the procedural default.

Mr. Wanamaker's insufficient ballistic evidence claim is now procedurally defaulted under Pennsylvania's waiver rule and the PCRA statute of limitations. We can excuse Mr. Wanamaker's procedural default on his insufficient ballistic evidence claim if he demonstrates cause and prejudice or a fundamental miscarriage of justice will occur if we do not consider his claim. Mr. Wanamaker can establish cause and prejudice by showing an objective and external factor prevented him from complying with Pennsylvania's procedural requirements and this alleged error worked to his "actual and substantial" disadvantage.[248]

By pairing his insufficient ballistic evidence claim with an ineffective assistance of trial counsel claim, Mr. Wanamaker first attempts to demonstrate cause by alleging ineffective assistance of trial counsel. Mr. Wanamaker alleges ineffective assistance of trial counsel for failing to make sure Mr. Wanamaker's conviction met the reasonable doubt standard.[249] This ineffective assistance of trial counsel claim is itself procedurally defaulted. Mr. Wanamaker cannot excuse a procedural default on the insufficient ballistic evidence claim with a procedurally defaulted ineffective assistance of trial counsel claim.

30

Mr. Wanamaker next argues he failed to present the Pennsylvania Superior Court with an insufficient ballistic evidence claim because his appellate counsel failed to raise the issue.[250] Mr. Wanamaker may raise an ineffective assistance of appellate counsel claim as cause to excuse his procedural default on his insufficient ballistic evidence claim.[251] But his ineffective assistance of appellate counsel claim cannot itself be procedurally defaulted.[252]  Mr. Wanamaker never raised an ineffective assistance of appellate court counsel for failing to raise an insufficient ballistic evidence claim in state court. Mr. Wanamaker failed to fairly present his ineffective assistance of appellate counsel claim in state court. He is unable to excuse his procedural default on the insufficient ballistic testimony claim with a procedurally defaulted ineffective assistance of appellate counsel claim.

Mr. Wanamaker also argues he failed to raise an insufficient ballistic evidence claim on appeal from the PCRA court because his PCRA counsel only raised the issue of after-discovered evidence on appeal.[253] We understand Mr. Wanamaker is alleging ineffective assistance of PCRA counsel as cause to excuse his procedural default on the insufficient ballistic evidence claim. But the general rule is ineffective assistance of PCRA counsel cannot establish cause to excuse a default because it is not a constitutional violation.[254] Ineffective assistance of PCRA counsel cannot establish cause to excuse Mr. Wanamaker's procedural default on the insufficient ballistic testimony claim. As we explained, the standard established in *Martinez* permits a claim of ineffective assistance of PCRA counsel to excuse a procedural default in a narrow set of circumstances.  But *Martinez* is not applicable here. *Martinez* may excuse a procedural  default on an underlying claim of ineffective assistance of trial counsel.[255] Mr. Wanamaker's underlying claim is insufficient ballistic evidence. *Martinez* does not apply, and Mr. Wanamaker cannot allege

ineffective assistance of PCRA counsel is cause to excuse his procedural default on an insufficient ballistic evidence claim.

Mr. Wanamaker presents no new evidence not presented at trial to establish a fundamental miscarriage of justice will occur if we fail to excuse his procedural default on the insufficient ballistic evidence claim. We are unable to excuse Mr. Wanamaker's procedural default on his insufficient ballistic evidence claim.

Mr. Wanamaker's insufficient ballistic evidence claim is unexhausted and procedurally defaulted as he failed to fairly present the claim to the state courts. Mr. Wanamaker fails to establish cause to excuse his procedural default and presents no new evidence to argue a fundamental miscarriage of justice will occur if we fail to consider his insufficient ballistic evidence claim. We reject Mr. Wanamaker's insufficient ballistic evidence claim.

### E.     We reject Mr. Wanamaker's prosecutorial misconduct claim.

Mr. Wanamaker argues the prosecutor at trial committed misconduct by using "duplicity in his collusion with counsel."[256] Mr. Wanamaker argues the prosecutor's conduct violated Rule 404(b)(1) of the Pennsylvania Rules of Evidence.[257] Mr. Wanamaker admits he did not raise this issue on direct appeal, explaining his appellate counsel only raised an issue challenging the weight of the evidence supporting his robbery conviction.[258] Mr. Wanamaker claims to have raised this issue in his initial PCRA proceeding but failed to raise it on appeal from the PCRA court.[259] He explains his PCRA counsel only raised the after-discovered evidence claim on appeal.[260]

The Commonwealth argues the claim is procedurally defaulted and Mr. Wanamaker fails to excuse his default because *Martinez* does not apply to prosecutorial misconduct claims.[261] The Commonwealth also argues even if Mr. Wanamaker did not procedurally default on his prosecutorial misconduct claim, he still is not entitled to relief.[262] The Commonwealth explains

the alleged misconduct did not deprive Mr. Wanamaker of a fair trial as required in a prosecutorial misconduct claim.[263] We agree with the Commonwealth. Mr. Wanamaker's prosecutorial misconduct claim is unexhausted and procedurally defaulted. Mr. Wanamaker is unable to demonstrate cause to excuse his procedural default.

### 1.    Mr. Wanamaker's claim is unexhausted and procedurally defaulted.

Mr. Wanamaker's prosecutorial misconduct claim is unexhausted because he failed to fairly present the claim in the state courts. Mr. Wanamaker concedes he did not raise the issue on direct appeal and concedes he did not raise the issue on appeal from the PCRA court.[264] Mr. Wanamaker never presented the Pennsylvania Superior Court with a prosecutorial misconduct claim. We disagree Mr. Wanamaker raised a prosecutorial misconduct claim in his initial PCRA proceeding. Mr. Wanamaker raised a prosecutorial misconduct claim in his initial *pro se* PCRA petition.[265] But he did not in his amended PCRA petition.[266] His amended PCRA petition superseded his *pro se* PCRA petition, so he did not raise this issue in the initial PCRA proceeding.

Mr. Wanamaker failed to raise a prosecutorial misconduct claim in his initial PCRA proceeding. Mr. Wanamaker concedes he never presented the Pennsylvania Superior Court with a prosecutorial misconduct claim because he admits to failing to raise the issue on direct appeal and on appeal from the PCRA court.[267] Mr. Wanamaker's prosecutorial misconduct claim is unexhausted.

### 2.    We are unable to excuse Mr. Wanamaker's default.

Mr. Wanamaker's prosecutorial misconduct claim is now procedurally defaulted under Pennsylvania's waiver rule and the PCRA statute of limitations. We may excuse Mr. Wanamaker's procedural default if he demonstrates cause and prejudice or a fundamental miscarriage of justice.

Mr. Wanamaker concedes he failed to raise a prosecutorial misconduct claim on direct appeal or on appeal from the PCRA court because his appellate and PCRA counsels raised other issues.[268] To the extent Mr. Wanamaker is attempting to argue ineffective assistance of appellate counsel and ineffective assistance of PCRA counsel to demonstrate cause for excusing his procedural default, we reject his arguments.

Mr. Wanamaker may allege ineffective assistance of counsel as cause to excuse his procedural default on the prosecutorial misconduct claim, but the ineffective assistance of counsel claim cannot itself be procedurally defaulted. In *Murrell v. Giroux*,[269] Judge Caldwell rejected a claim of ineffective assistance of appellate counsel as cause to excuse a procedural default on a prosecutorial misconduct claim because the alleged misconduct "was not objected to or otherwise preserved during trial."[270] The petitioner also failed to raise the claim in a collateral-review proceeding, so ineffective assistance of counsel did not establish cause to excuse the procedural default on prosecutorial misconduct because the ineffective assistance claim itself procedurally defaulted.[271] Judge Caldwell concluded by explaining the procedural default on the ineffective assistance claim cannot be excused under *Martinez* because "the *Martinez* exception does not extend to underlying claims of appellate ineffectiveness."[272]

In a similar case, Judge Stengel found a petitioner failed to excuse a procedural default on a prosecutorial misconduct claim by alleging several ineffective assistance of counsel claims as cause.[273] In *Welborne v. Tritt*,[274] a petitioner procedurally defaulted on his prosecutorial misconduct claim.[275] To demonstrate cause for his default, the petitioner raised ineffective assistance of appellate and PCRA counsel claims.[276] Judge Stengel found the petitioner failed to demonstrate ineffective assistance of appellate counsel as cause because he never presented a state court with an ineffective assistance of appellate counsel claim.[277] Judge Stengel found the

petitioner did not demonstrate ineffective assistance of PCRA counsel as cause to excuse the default on the prosecutorial misconduct claim under *Martinez*.[278] Under *Martinez*, ineffective assistance of PCRA counsel can constitute cause to excuse a procedural default only when the underlying claim is ineffective assistance of trial counsel.[279] Judge Stengel explained the petitioner's underlying claim is for prosecutorial misconduct, not ineffective assistance of trial counsel, so the petitioner failed to excuse his procedural default.[280]

Like in *Murrell* and *Tritt*, Mr. Wanamaker does not establish cause to excuse his default on the prosecutorial misconduct claim. He explains he failed to present the Pennsylvania Superior Court with this claim on direct appeal because his attorney "only raised a weight of the evidence claim."[281] But he never presented a PCRA court with an ineffective assistance of appellate counsel claim for failing to raise a prosecutorial misconduct claim on direct appeal. His ineffective assistance of appellate counsel claim is itself procedurally defaulted and cannot be used as cause to excuse his default of the prosecutorial misconduct claim.

Mr. Wanamaker also failed to present the PCRA court with a prosecutorial misconduct claim and did not raise a prosecutorial misconduct claim on appeal from the PCRA court. In explaining his failure to raise the issue on appeal, Mr. Wanamaker explains his PCRA counsel only pursued a claim of after-discovered evidence.[282] Mr. Wanamaker is unable to argue this ineffective assistance of PCRA counsel establishes cause to excuse the procedural default on his prosecutorial misconduct claim because ineffective assistance of PCRA counsel cannot serve as cause unless it falls under the *Martinez* exception. *Martinez* applies only to underlying claims of ineffective assistance of trial counsel, not prosecutorial misconduct claims. Mr. Wanamaker fails to establish cause to excuse his procedural default on the prosecutorial misconduct claim.

Mr. Wanamaker also fails to show a fundamental miscarriage of justice if we do not consider his claim of prosecutorial misconduct. To show a fundamental miscarriage of justice, Mr. Wanamaker "must present new evidence that he is actually innocent of the crime for which he has been convicted."[283] Mr. Wanamaker alleges no new evidence in support of his prosecutorial misconduct claim. Mr. Wanamaker's prosecutorial misconduct claim is unexhausted and procedurally defaulted. He fails to excuse his procedural default by demonstrating cause and prejudice or a fundamental miscarriage of justice.

Mr. Wanamaker failed to exhaust his prosecutorial misconduct claim and it is now procedurally defaulted. We are unable to excuse the procedural default as Mr. Wanamaker fails to demonstrate cause and prejudice or a fundamental miscarriage of justice. We reject his prosecutorial misconduct claim.

### F.    We deny a certificate of appealability.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition."[284] Section 2253 provides the standard for a certificate of appealability required for appellate review of a district court's judgment denying habeas relief:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>   (B) the final order in a proceeding under section 2255.

36

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[285]

A certificate of appealability "will issue only if the requirements of § 2253 have been satisfied."[286] A habeas petitioner seeking a certificate of appealability "need only demonstrate 'a substantial showing of the denial of a constitutional right.'"[287] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[288]

Federal Rule of Appellate Procedure 22 contemplates a district court issuing a certificate of appealability in the first instance:

(b) Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.[289]

Given the standard we apply today to habeas challenges to ineffectiveness of counsel and exhaustion arguments, we cannot find jurists of reason could disagree with our reasoning in denying the petition. Mr. Wanamaker has not met his burden in showing a reasonable jurist would disagree with the denial of the petition based on the objections.

### III.    Conclusion

We deny Mr. Wanamaker's habeas petition. Mr. Wanamaker failed to exhaust each of his claims. They are now procedurally defaulted under Pennsylvania's waiver rule and the PCRA statute of limitations. We cannot excuse Mr. Wanamaker's procedural default on the claims because he fails to show cause and prejudice to excuse the default or a fundamental miscarriage of justice if we do not consider the merits of his claims. There is no basis for a certificate of appealability.

---

[1] *Commonwealth v. Wanamaker*, No. 664 EDA 2013, 2013 WL 11249181, at *1 (Pa. Super. Ct. Nov. 26, 2013).

[2] Notes of Testimony ("N.T.") Jan. 23, 2013 Trial at 85, 121; N.T. Jan. 24, 2013 Trial at 33-34.

[3] N.T. Jan. 23, 2013 Trial at 78-79.

[4] *Id*. at 109-16, 130, 209.

[5] *Wanamaker*, 2013 WL 11249181, at *1.

[6] *Commonwealth v. Wanamaker*, No. 3145 EDA 2018, 2019 WL 5168639, at *1 (Pa. Super. Ct. Oct. 15, 2019).

[7] *Commonwealth v. Wanamaker*, No. 819 EDA 2016, 2017 WL 498504, at *1 (Pa. Super. Ct. Feb. 7, 2017).

[8] N.T. Jan. 23, 2013 Trial at 76-82, 100, 113-14, 118; N.T. Jan. 24, 2013 Trial at 12, 46.

[9] N.T. Jan. 23, 2013 Trial at 164-69.

[10] *Id*. at 168.

[11] *Id*.

[12] *Id*. at 169.

[13] *Id*. at 231-32.

[14] N.T. Jan. 23, 2013 Trial at 231.

[15] *Wanamaker*, 2017 WL 498504, at *1.

[16] *Id*.

[17] *Id.*

[18] *Wanamaker*, 2013 WL 11249181, at *1.

[19] *Id*.

[20] *Id*.

[21] *Id.* at *2.

[22] *Wanamaker*, 2017 WL 498504, at *1.

[23] *Id*.

[24] *Id*.

[25] *Id.* at *2.

[26] *Id*. at *3.

[27] *Wanamaker*, 2019 WL 5168639, at *1.

[28] *Pro se* PCRA Pet. at 2, *Commonwealth v. Wanamaker*, Doc. No. CP 51-CR-0010007-2011 (Phila. Cnty. Ct. Com. Pl. Dec. 14, 2018).

[29] *Id.* at 8.

[30] *Id*. at 10.

[31] *Id*. at 15.

[32] *Id*. at 17.

[33] *Wanamaker,* Doc. No. CP-51-CR-0010007-2011, at 2.

[34] Am. PCRA Pet., *Wanamaker*, Doc. No. CP 51-CR-0010007-2011.

[35] *Id*. at ¶ 10.

[36] *Id*.

[37] *Wanamaker*, 2019 WL 5168639, at *1.

[38] *Wanamaker,* Doc. No. CP-51-CR-0010007-2011, at 3.

[39] *Id*.

[40] *Id*.

[41] *Id*. at 3-4.

[42] *Wanamaker*, 2019 WL 5168639, at *1.

[43] *Id*.

[44] *Id*.

[45] *Id*.

[46] *Id.*

[47] *Wanamaker*, 2019 WL 5168639, at *2 (citing Appellant's Br. at 3).

[48] *Id.* at *3.

[49] *Id*.

[50] *Id*.

[51] ECF Doc. No. 2 at 5.

[52] *Id*. at 6.

[53] *Id*. at 8.

[54] *Id*. at 9.

[55] *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)).

[56] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)).

[57] *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 500 (D. Del. 2003) (citing *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000)).

[58] *Id.*; *Lambert*, 134 F.3d at 513.

---

[59] *See Lambert v. Blackwell*, 387 F.3d 210, 232-34 (3d Cir. 2004) (finding a petitioner who appealed a PCRA court judgment to the Pennsylvania Superior Court but not the Pennsylvania Supreme Court exhausted her claim in light of Pennsylvania Supreme Court Order 218). Pennsylvania Supreme Court Order 218 explains, "we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." *Id.* at 233.

[60] *McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 696 (E.D. Pa. 2006).

[61] *Mattis v. Vaughn*, 128 F. Supp. 2d 249, 257 (E.D. Pa. 2001), *aff'd*, 80 F. App'x 154 (3d Cir. 2003).

[62] 959 F.2d 1227, 1231 (3d Cir. 1992).

[63] *Id.* (citations omitted).

[64] *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

[65] *Id.*

[66] *See Rush v. Beard*, No. 08-4843, 2018 WL 3640599, at *36 (E.D. Pa. Aug. 1, 2018).

[67] *Id*. (citing *Commonwealth v. Privolos*, 746 A.2d 621, 623 (Pa. Super. Ct. 2000)).

[68] *Id.* (citation omitted).

[69] *Prieto v. Brinkley*, No. 19-4850, 2020 WL 4334924, at *3 (E.D. Pa. July 28, 2020) (citing *Souffrant v. Kauffman*, No. 18-2848, 2019 WL 1752916, at *3 (E.D. Pa. Jan. 30, 2019)); *see Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993).

[70] *McCabe*, 419 F. Supp. 2d at 696 (quoting *Toulson,* 987 F.2d at 987) (citations omitted).

[71] *Id*. (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).

[72] *Id.* at 697 (citing *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002)).

[73] *Id*.

[74] *Id*.

[75] *McCabe*, 419 F. Supp. 2d at 696 (quoting *United States v. Rodriguez*, 153 F. Supp. 2d 590, 594 (E.D. Pa. 2001); *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[76] *Id*.

41

[77] *Drummond v. Ryan*, 572 F. Supp. 2d 528, 533 (D. Del. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

[78] *Id.* (quoting *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004)).

[79] *See Kirnon v. Klopotoski,* 620 F. Supp. 2d 674, 684 (E.D. Pa. 2008) ("The Supreme Court has recognized that ineffectiveness of trial and direct appeal counsel may establish 'cause' where counsel is constitutionally ineffective."); *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

[80] *Porter v. Horn*, 276 F. Supp. 2d 278, 293 (E.D. Pa. 2003) (citing *Murray*, 477 U.S. at 488).

[81] *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

[82] *Coleman*, 501 U.S. at 725.

[83] *Kirnon*, 620 F. Supp. 2d at 684 (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987)).

[84] *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

[85] 566 U.S. 1 (2012).

[86] *Id.* at 9; *see also Workman v. Superintendent Albion, SCI,* 915 F.3d 928, 937 (3d Cir. 2019).

[87] *Martinez*, 566 U.S. at 17.

[88] *Id*. at 14 (citation omitted).

[89] *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 376 (3d Cir. 2018); *see also Latham v. Mason*, No. 19-5131, 2020 WL 5653468, at *3 (E.D. Pa. Sept. 23, 2020).

[90] *Strickland v. Washington*, 466 U.S. 668 (1984).

[91] *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (citing *Strickland*, 466 U.S. at 688).

[92] *Id*. (citing *Strickland*, 466 U.S. at 687).

[93] *Id.* (citing *Strickland*, 466 U.S. at 689).

[94] *Id.* (citing *Strickland*, 466 U.S. at 687).

[95] *Id.* (citing *Strickland*, 466 U.S. at 694).

[96] ECF Doc. No. 2 at 5.

[97] *Id*.

[98] N.T. Jan. 23, 2013 Trial at 168.

[99] ECF Doc. No. 2 at 5.

[100] *Id.*

[101] *Id.*

[102] *Id.*

[103] *Id.* at 6.

[104] ECF Doc. No. 11 at 13.

[105] *McLaughlin,* 270 F. Supp. 2d at 500 (citing *Lines,* 208 F.3d at 160).

[106] *See Evans,* 959 F.2d at 1231.

[107] ECF Doc. No. 2 at 5.

[108] *Id.* at 6.

[109] *Pro se* PCRA Pet. at 2, *Commonwealth v. Wanamaker*, Doc. No. CP 51-CR-0010007-2011 (Phila. Cnty. Ct. Com. Pl. Dec. 14, 2018).

[110] Am. PCRA Pet., *Wanamaker*, Doc. No. CP 51-CR-0010007-2011.

[111] *Rush*, 2018 WL 3640599, at *36.

[112] No. 06-2918, 2018 WL 1740528 (E.D. Pa. Apr. 10, 2018).

[113] *Smith v. DiGuglielmo*, No. 06-2918, 2018 WL 1740528, at *9 (E.D. Pa. Apr. 10, 2018).

[114] *Id.* at *2-*3.

[115] *Id.* at *2, *9.

[116] *Id.* at *3.

[117] *Id.* at *3.

[118] *Smith*, 2018 WL 1740528, at *4.

[119] *Id.* at *9.

[120] No. 13-3094, 2014 WL 5317766 (E.D. Pa. Oct. 17, 2014).

[121] *Blount v. Coleman*, No. 13-3094, 2014 WL 5317766, at *7 (E.D. Pa. Oct. 17, 2014).

[122] *Id*.

[123] *Id*.

[124] *Id*.

[125] *Id*.

[126] *Blount*, 2014 WL 5317766, at *6.

[127] *Id*. at *7.

[128] 348 F. Supp. 3d 417 (E.D. Pa. 2018).

[129] *Johnston v. Mahally*, 348 F. Supp. 3d 417, 438 (E.D. Pa. 2018).

[130] *Id.* at 436.

[131] *Id*. at 437.

[132] *Id*.

[133] *Id.*

[134] *Johnston*, 348 F. Supp. 3d at 437.

[135] *Id*. at 438.

[136] Am. PCRA Pet. at ¶ 6, *Wanamaker*, Doc. No. CP 51-CR-0010007-2011.

[137] 42 Pa. Cons. Stat. § 9544(b) (2021) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

[138] *Id.* § 9545(b). To comply with the statute of limitations, a petitioner must file a PCRA petition within one year of when the judgment becomes final. *Id.* § 9545(b)(1). There are three exceptions to this rule, but Mr. Wanamaker does not meet any exception. *See id.* §§ 9545(b)(1)(i)-(iii).

[139] *McCabe*, 419 F. Supp. 2d at 697 (quoting *Coleman,* 501 U.S. at 750).

[140] ECF Doc. No. 2 at 5.

[141] *Id*. at 6.

---

[142] *Jackson v. Diguglielmo*, No. 03-5398, 2004 WL 2064895, at *5 (E.D. Pa. Sept. 14, 2004).

[143] *Latham*, 2020 WL 5653468, at *3 (citing *Preston*, 902 F.3d at 376).

[144] 466 U.S. 668 (1984).

[145] *Buehl*, 166 F.3d at 169 (citing *Strickland*, 466 U.S. at 687-88).

[146] ECF Doc. No. 2 at 5.

[147] N.T. Jan. 23, 2013 Trial at 168.

[148] No. 11-1999, 2013 WL 2896819, at *31 (M.D. Pa. June 12, 2013).

[149] *Dierolf v. Thompson*, No. 11-1999, 2013 WL 2896819, at *31 (M.D. Pa. June 12, 2013).

[150] *Id.* at *28-*30.

[151] *Id.* at *29.

[152] *Id.* at *30.

[153] ECF Doc. No. 2 at 6.

[154] *Id.*

[155] N.T. Jan. 23, 2013 Trial at 168.

[156] ECF Doc. No. 2 at 6.

[157] *See Commonwealth v. Wanamaker*, No. 664 EDA 2013, 2013 WL 11249181, at *1 (Pa. Super. Ct. Nov. 26, 2013).

[158] ECF Doc. No. 2 at 7-8.

[159] ECF Doc. No. 11 at 17.

[160] *Id.*

[161] *See Evans*, 959 F.2d at 1231.

[162] *Wanamaker*, 2013 WL 11249181, at *1.

[163] *Commonwealth v. Wanamaker*, No. 819 EDA 2016, 2017 WL 498504, at *2 (Pa. Super. Ct. Feb. 7, 2017).

[164] *Pro se* PCRA Pet. at 8, *Commonwealth v. Wanamaker*, Doc. No. CP 51-CR-0010007-2011 (Phila. Cnty. Ct. Com. Pl. Dec. 14, 2018).

[165] Am. PCRA Pet. at ¶ 6, *Wanamaker*, Doc. No. CP 51-CR-0010007-2011.

[166] *Commonwealth v. Wanamaker*, No. 3145 EDA 2018, 2019 WL 5168639, at *1 (Pa. Super. Ct. Oct. 15, 2019).

[167] *McCabe*, 419 F. Supp. 2d at 696 (quoting *Coleman,* 501 U.S. at 750).

[168] ECF Doc. No. 2 at 7.

[169] ECF Doc. No. 2 at 8.

[170] *Latham*, 2020 WL 5653468, at *3 (quoting *Preston*, 902 F.3d at 376).

[171] ECF Doc. No. 2 at 6.

[172] *Id*.

[173] N.T. Jan. 23, 2013 Trial at 169.

[174] *Id*.

[175] *Id*. at 168.

[176] 536 F. App'x 260 (3d Cir. 2013).

[177] *United States v. Mercado*, 536 F. App'x 260, 264 (3d Cir. 2013).

[178] *Id.* at 262.

[179] *Id*.

[180] *Id*.

[181] *Id*.

[182] *Mercado*, 536 F. App'x at 264.

[183] *Id*. at 263.

[184] *Id*. at 264.

[185] *Id*.

[186] *Id.*

[187] *Mercado*, 536 F. App'x at 264.

[188] ECF Doc. No. 2 at 9.

[189] *Id.*

[190] *Id.* at 10.

[191] *Id.*

[192] *Id.*

[193] ECF Doc. No. 2 at 11.

[194] ECF Doc. No. 11 at 25.

[195] *Id.* at 26.

[196] *See Evans,* 959 F.2d at 1231.

[197] *Commonwealth v. Wanamaker*, No. 664 EDA 2013, 2013 WL 11249181, *1 (Pa. Super. Ct. Nov. 26, 2013).

[198] *Commonwealth v. Wanamaker*, No. 819 EDA 2016, 2017 WL 498504, at *2 (Pa. Super. Ct. Feb. 7, 2017).

[199] *Pro se* PCRA Pet. at 17, *Commonwealth v. Wanamaker*, Doc. No. CP 51-CR-0010007-2011 (Phila. Cnty. Ct. Com. Pl. Dec. 14, 2018).

[200] *See* Am. PCRA Pet., *Wanamaker*, Doc. No. CP 51-CR-0010007-2011.

[201] *Commonwealth v. Wanamaker*, No. 3145 EDA 2018, 2019 WL 5168639, at *2 (Pa. Super. Ct. Oct. 15, 2019).

[202] ECF Doc. No. 2 at 10.

[203] *Id.* at 12.

[204] *Buehl*, 166 F.3d at 169 (citing *Strickland*, 466 U.S. at 687-88).

[205] *Id.* (citing *Strickland*, 466 U.S. at 694).

[206] ECF Doc. No. 2 at 9.

[207] *Id.*

[208] *Haith v. United States*, 342 F.2d 158, 159 (3d Cir. 1965).

[209] 342 F.2d 158 (3d Cir. 1965).

[210] *Id.* at 159.

[211] *Id.*

[212] ECF Doc. No. 2 at 5.

[213] *Id.*

[214] *Id.*

[215] N.T. Jan. 23, 2013 Trial at 168.

[216] *Id.*

[217] ECF Doc. No. 2 at 5.

[218] *Id.*

[219] *Id.* at 5-6.

[220] *Id.* at 6.

[221] ECF Doc. No. 11 at 13.

[222] *Id.*

[223] *Id.* at 13-14.

[224] 443 U.S. 307 (1979) ("[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must not be simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.").

[225] ECF Doc. No. 11 at 14-16.

[226] *See Evans,* 959 F.2d at 1231.

[227] *Commonwealth v. Wanamaker*, 91 A.3d 1295, 2013 WL 11249181, *1 (Pa. Super. 2013).

[228] *Id.*

[229] No. 01-4017, 2014 WL 1199345, at *1 (E.D. Pa. Mar. 24, 2014).

[230] *Pirela v. Vaughn*, No. 01-4017, 2014 WL 1199345, at *15 (E.D. Pa. Mar. 24, 2014).

[231] *Id*. at *17.

[232] *Id*.

[233] *Id*.

[234] *Id*.

[235] *Pirela*, 2014 WL 1199345, at *15.

[236] *Id*.

[237] 881 F.2d 44 (3d Cir. 1989).

[238] *Lesko v. Owens*, 881 F.2d 44, 50 (3d Cir. 1989).

[239] *Id*. at 48.

[240] *Id*. at 50.

[241] *Id.*

[242] *Id*.

[243] ECF Doc. No. 2 at 5.

[244] *Commonwealth v. Wanamaker*, No. 664 EDA 2013, 2013 WL 11249181, *1 (Pa. Super. Ct. Nov. 26, 2013).

[245] ECF Doc. No. 2 at 6.

[246] *Pro se* PCRA Petition at 2, *Commonwealth v. Wanamaker*, Doc. No. CP 51-CR-0010007-2011 (Phila. Cnty. Ct. Com. Pl. Dec. 14, 2018).

[247] ECF Doc. No. 2 at 6.

[248] *McCabe*, 419 F. Supp. 2d at 696 (quoting *Coleman,* 501 U.S. at 750).

[249] ECF Doc. No. 2. at 5.

[250] *Id*.

[251] *Kirnon,* 620 F. Supp. 2d at 684 (citing *Murray,* 477 U.S. at 479).

[252] *See Edwards*, 529 U.S. at 453.

[253] ECF Doc. No. 2 at 6.

[254] *See Coleman*, 501 U.S. at 725; *see also Kirnon*, 620 F. Supp. 2d at 684 (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987)).

[255] *See Martinez*, 566 U.S. at 17. *Martinez* is limited to "substantial claims of ineffective assistance at trial." *Id.*; *see also White v. Vaughn*, No. 94-6598, 2018 WL 780595, at *4 (E.D. Pa. Feb. 7, 2018) ("*Martinez . . .* only address[es] the grounds to establish cause in connection with claims concerning trial counsel ineffectiveness.").

[256] ECF Doc. No. 2 at 8.

[257] *Id*.

[258] *Id*.

[259] *Id*. at 8-9.

[260] *Id*. at 9.

[261] ECF Doc. No. 11 at 20-21.

[262] *Id*. at 21.

[263] *Id*.

[264] ECF Doc. No. 2 at 8-9.

[265] *Pro se* PCRA Pet. at 10, *Commonwealth v. Wanamaker*, Doc. No. CP 51-CR-0010007-2011 (Phila. Cnty. Ct. Com. Pl. Dec. 14, 2018).

[266] *See* Am. PCRA Pet., *Wanamaker*, Doc. No. CP 51-CR-0010007-2011.

[267] ECF Doc. No. 2 at 8-9.

[268] *Id*.

[269] No. 13-2573, 2018 WL 509371, at *35 (M.D. Pa. Jan. 23, 2018).

[270] *Murrell v. Giroux*, No. 13-2573, 2018 WL 509371, at *35 (M.D. Pa. Jan. 23, 2018).

[271] *Id*. (citing *Murray*, 477 U.S. 488-489).

[272] *Id.* at 36.

[273] *Welborne v. Tritt*, No. 14-1457, 2014 WL 5438069, at *6 (E.D. Pa. Oct. 27, 2014).

[274] No. 14-1457, 2014 WL 5438069, at *1 (E.D. Pa. Oct. 27, 2014).

[275] *Id.* at *6.

[276] *Id.*

[277] *Id.*

[278] *Id.*

[279] *Welborne*, 2014 WL 5438069, at *7.

[280] *Id.*

[281] ECF Doc. No. 2 at 8.

[282] *Id.* at 9.

[283] *McCabe,* 419 F. Supp. 2d at 696 (quoting *Coleman,* 501 U.S. at 750).

[284] *Miller-El v. Cockrell*, 537 U.S. 322, 335-37 (2003) (citing 28 U.S.C. § 2253).

[285] 28 U.S.C. § 2253 (2021).

[286] *Miller-El*, 537 U.S. at 336.

[287] *Id.* at 327 (citing 28 U.S.C. § 2253(c)(2)).

[288] *Id.* at 323 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[289] Fed. R. App. P. 22(b)(1).